IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MICHAEL ANTRANTRINO LEE,**

        Plaintiff,

v.                                              **Civil Action No. 5:21-CV-54**
                                                     Judge Bailey

**D. BISHOFF,** Lieutenant;
**B. GAINER,** Correctional Officer;
**CAPTAIN YAEGER;**
**LT. YARBER,** Lieutenant (acting SIA at time),

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS

Pending before this Court is defendants' Supplemental Memorandum of Law in Support of Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 85], filed June 28, 2022. Therein, defendants address plaintiff's remaining claim against defendant Gainer and ask this Court to grant its earlier Motion. On the same date, this Court issued an Order and *Roseboro* Notice [Doc. 86], informing plaintiff that the Court was considering ruling on the now-briefed portion of the Motion and notifying him of his right to file a response. On July 21, 2022, plaintiff filed a response in opposition to the Motion. [Doc. 88]. For the reasons that follow, this Court will dismiss the remaining claim.

### I. Background

As set forth in this Court's June 16, 2022 Order, the *pro se* plaintiff was[1] a federal prisoner who, at the time the allegations in the Complaint occurred was incarcerated at FCI

---

[1] Plaintiff was released from custody on April 5, 2022.

1

Gilmer in Gilmer, West Virginia. The Complaint in this case alleges several claims against multiple defendants, including that various defendants violated his constitutional rights by falsifying documents, misrepresenting official documents, denied him equal access to the laws, and two claims for excessive force. The majority of claims and defendants were dismissed in this Court's June 16, 2022 Order, with the Court finding that the claims were unable to survive summary judgment. However, the Court declined to dismiss one of the excessive force claims, made against defendant Gainer, finding that defendants did not address this claim in their Motion.

According to the Complaint, plaintiff was transferred to FCI Gilmer on April 16, 2019, and was placed in the Special Housing Unit ("SHU"). Plaintiff contends that at that time he declared he was on a hunger strike. Defendants contend that plaintiff was already on a hunger strike prior to his arrival at FCI Gilmer. [Doc. 40 at 3]. In the only remaining claim, plaintiff alleges that on April 17, 2019, around 7:50 a.m., defendant Gainer assaulted him. Specifically, Gainer placed plaintiff in handcuffs to escort him to a hunger strike medical evaluation; while escorting him to the evaluation, plaintiff alleges Gainer started walking fast and bending up on the handcuffs. [Doc. 1 at 11]. Plaintiff stated "Whoa! What are you doing. Slow down. And why you keep bending up on the cuffs." [Id.]. Plaintiff states that this caused him instant pain, particularly because his right wrist had been surgically repaired. [Id.].

On June 28, 2022, defendants filed a Supplemental Memorandum of Law in Support of Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. [Doc. 85]. Therein, defendants address the above claim and seek dismissal of the same. First, defendants argue that dismissal pursuant to Federal Rule of Civil Procedure 8 is appropriate because this claim was not alleged sufficiently to put defendant Gainer on notice

of the claim; specifically, defendants argue that "Plaintiff failed to allege any specific injury, nor did he claim any pain was inflicted maliciously rather than unknowingly or negligently." [Doc. 85 at 3]. Second, defendants argue that the BOP's records and actions of its officers are entitled to a presumption of regularity, and that plaintiff's medical records do not indicate that he was transported to medical or evaluated prior to the calculated use of force incident later that day. [Id. at 3–4]. Further, plaintiff's records indicate that at his meeting with medical staff later in the morning, he made no report of staff pulling up on his restraints or show injuries consistent with this claim. [Id. at 4]. Third, defendants argue that this claim does not arise out of the same transaction as the other claims in this case and that the Court should sever this claim. [Id. at 5–8]. Fourth, defendants argue this claim should be dismissed because it is frivolous and malicious; they contend that plaintiff's statements and prior filing history demonstrate that his motive for filing this case is malicious. [Id. at 8–10]. Finally, they argue that defendant Gainer is entitled to qualified immunity because plaintiff has failed to allege facts to show a violation of a constitutional right. [Id. at 10–11].

## II. **Standard of Review**

### A. **Motion to Dismiss - Fed.R.Civ.P. 12(b)(6)**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." ***Republican Party of N.C. v. Martin***, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable

3

to the plaintiff. ***Mylan Labs, Inc. v. Matkari***, 7 F.3d 1130, 1134 (4th Cir. 1993); see also ***Martin***, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 555 (2007) (quoting ***Conley v. Gibson***, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." ***Conley***, 355 U.S. at 45-46. In ***Twombly***, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." ***Conley***, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." ***Id.*** (citations omitted), to one that is "plausible on its face," [***Id.*** at 570], rather than merely "conceivable." ***Id.*** Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." ***Bass v. E.I. DuPont de Nemours & Co.***, 324 F.3d 761, 765 (4th Cir. 2003) (citing ***Dickson v. Microsoft Corp.***, 309 F.3d 193, 213 (4th Cir. 2002); ***Iodice v. United States***, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in ***Ashcroft v. Iqbal***, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Ashcroft v. Iqbal***, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded

complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

The Plaintiff is proceeding *pro se* and therefore the Court is required to liberally construe his pleadings. **Estelle v. Gamble**, 429 U.S. 97, 106 (1976); **Haines v. Kerner**, 404 U.S. 519, 520–1 (1972) (per curiam); **Erikson v. Pardus**, 551 U.S. 89, 94 (2007); **Loe v. Armistead**, 582 F.2d 1291 (4th Cir. 1978); **Gordon v. Leeke**, 574 F.2d 1147 (4th Cir. 1978). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, **Haines**, 404 U.S. at 520, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. *Id.* at 520-21. The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. **Barnett v. Hargett**, 174 F.3d 1128 (10th Cir. 1999). However, a court may not construct the plaintiff's legal arguments for her. **Small v. Endicott**, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." **Beaudett v. City of Hampton**, 775 F.2d 1274 (4th Cir. 1985).

### B. Motion for Summary Judgment

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether

genuine issues of triable fact exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In *Celotex*, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. *Celotex*, 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita*, 475 U.S. at 586. The nonmoving party must present specific facts showing the existence of a genuine issue for trial. *Id*. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. *Id*. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita*, 475 U.S. at 587.

### III. Analysis

As set forth in this Court's June 16, 2022 Order, analysis of a claim for use of excessive force begins with "identification of the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (1989). In the context of a claim by a prisoner that he was subjected to excessive force by prison employees, the source of the ban against such force is the Eighth Amendment's ban on cruel and unusual punishments. The validity of a prisoner's claim must be "judged by reference to th[is] constitutional standard...rather than to some generalized 'excessive force' standard." *Graham*, 490 U.S. at 394; see e.g., *Whitley v. Albers*, 475 U.S. 312, 318-326 (1986) (claims

of excessive force to subdue convicted prisoner is to be analyzed under an Eighth Amendment standard).

To state an Eighth Amendment claim, an inmate must prove two factors: (1) objectively, the alleged punishment or act is sufficiently serious that it violates contemporary standards of decency; and (2) objectively, the prison official must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component of the claim requires an inmate to demonstrate that the force used by an institutional official, "inflicted unnecessary and wanton pain and suffering." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The question of whether the measure taken inflicted unnecessary and wanton pain and suffering turns on "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether a prison official acted maliciously and sadistically, the court should consider the following: "the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts to temper the severity of a forceful response." *Hudson*, 503 US at 7 (internal quotation marks omitted).

In addition, the inmate must prove the correction officer's actions were "'objectively harmful enough' to offend 'contemporary standards of decency.'" *Stanley v. Hejirika*, 134 F.3d. 629, 634 (4th Cir. 1998) (quoting *Hudson*, 503 (U.S. at 8). In assessing this component, the court must ask whether "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Id.* (quoting *Wilson v. Seiter*, 501 US 294, 298 (1991)). When prison officials used force to cause harm maliciously and sadistically, "contemporary standards of decency always are violated ... This is true whether or not significant injury is

7

evident." ***Hudson***, 503 U.S. at 9. However, "'[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" ***Id.*** (quoting ***Johnson v. Glick***, 481 F.2d 1028, 1033 (2d Cir. 1973).

In the instant case, plaintiff alleges defendant Gainer pulled up on plaintiff's restraints while escorting plaintiff to the SHU medical room for evaluation of his hunger strike. Now, with this issue fully briefed, the Court finds defendants memorandum persuasive and finds that this claim should be dismissed. First, the Court agrees with defendants that this claim was not alleged sufficiently to put defendant Gainer on notice of the claim. The allegations set forth in the Complaint do not show that the pain caused by Gainer pulling up on the restraints was sufficiently serious as to violate contemporary standards of decency, nor is there any allegation suggesting a sufficiently culpable state of mind. Further, although "claim 2" of the complaint alleges that Officer Gainer conspired with the other defendants to violate plaintiff's constitutional rights, this is presumably related to the allegations surrounding the later intervention by the use of force team and plaintiff's placement in ambulatory restraints. Defendants contend that Gainer was therefore not on notice that the claim involving transportation to medical was a separate and distinct claim "rather than simple background information" related to the later claims. "[W]hile courts should construe pleadings generously, paying more attention to substance than to form, they must always exhibit awareness of the defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." ***Rodriguez v. Doral Mortg. Corp.***, 57 F.3d 1168, 1171 (citations omitted). The Court finds that the Complaint did not allege sufficient facts to put defendant Gainer on notice of this claim.

8

Second, for similar reasons, defendant Gainer is entitled to qualified immunity because Lee has failed to demonstrate that his Eighth Amendment rights were violated.

> "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). Courts must consider two steps in determining whether an official is entitled to qualified immunity. *Id.* at 232. "First, a court must decide whether the facts that a plaintiff has alleged ... make out a violation of a constitutional right. Second, ... the court must decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Id.* Courts need not determine whether a violation has occurred if the court finds the right at issue was not clearly defined. *Id.* at 236.

*Greene v. Feaster*, No. 5:16-CV-51, 2021 WL 4355328, at *3 (N.D. W.Va. Sept. 16, 2021) (Bailey, J.). As stated above, the claim in question does not allege facts to show the injury inflicted upon Lee was sufficiently serious or that Gainer acted with a sufficiently culpable state of mind; accordingly, the claim does not allege that Gainer violated a "clearly established" statutory or constitutional right. As a result, Gainer is entitled to qualified immunity concerning the allegations in this Complaint.

Because the claim against defendant Gainer should be dismissed, the Court declines to address defendants' argument that this claim should be severed.

## IV. Conclusion

For the reasons set forth above, defendant's Supplemental Memorandum of Law [Doc. 85] is hereby **GRANTED**, and plaintiff's Complaint [Doc. 1] is **DENIED** and **DISMISSED with prejudice** as to plaintiff's claim against B. Gainer. As this is the final remaining claim in this case, the Clerk is **DIRECTED** to **STRIKE** this matter from the active docket of this Court and enter judgment in favor of defendants. As a final matter, the pending Combined Motion for Spoilation (sic) Sanctions & Adverse Inference on Spoilation of Evidence [Doc. 66] is hereby **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to transmit a copy electronically to all counsel of record.

DATED: August 4, 2022.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE